UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTONIO ORTIZ, JR.,

                                         Petitioner,

                                                                                                   Case # 19-CV-6663-FPG
v.                                                                                                    DECISION AND ORDER

MARK ROYCE,

                                         Respondent.
_____

## INTRODUCTION

Pursuant to 28 U.S.C. § 2254, *pro se* Petitioner Antonio Ortiz, Jr. brings this habeas petition to challenge his state-court convictions for murder in the second degree. ECF No. 1. Acknowledging that he has filed a so-called "mixed" petition—consisting of both exhausted and unexhausted claims—Petitioner requests a stay of these proceedings so that he can fully litigate the pending unexhausted claims in state court. ECF No. 1 at 11-12, 14-15; ECF No. 16 at 1. Respondent opposes a stay, arguing that the all of Petitioner's claims lack merit.[1] ECF No. 15-1 at 19. For the reasons that follow, Petitioner's request for a stay is DENIED, and Petitioner shall submit a response to the Court as set forth below.

## BACKGROUND

In April 2013, Petitioner was indicted on one count of murder in the second degree under New York Penal Law § 125.25. ECF No. 15-2 at 33. Briefly, it was alleged that Petitioner had stabbed the victim multiple times in the victim's apartment. The case proceeded to a jury trial. Petitioner's defense at trial was grounded in his alleged intoxication. Before the alleged murder, Petitioner had been a frequent overnight guest at the victim's apartment. *See* ECF No. 15-2 at 8.

---

[1] Respondent also argues that "petitioner has not sought a stay." ECF No. 15-1 at 19. While Petitioner has not filed a formal motion to that effect, his submissions to the Court make clear he seeks that relief.

On the day of the murder, Petitioner was smoking crack cocaine and imbibing alcohol while at the victim's apartment. *Id.* at 10. At trial, Petitioner testified that the mixture of these substances put him in a delusional/hallucinatory state, during which he believed he saw someone in the apartment attacking the victim. *Id.* Hoping to defend the victim, Petitioner took a knife and began "swinging it all over the place." *Id.* at 11. At some point, Petitioner fell on the floor, believing he had killed the attacker and that the victim had escaped from the apartment. *Id.* In fact, Petitioner had stabbed the victim. *Id.* Petitioner left the apartment and was later detained by police. *Id.* at 12.

The jury found Petitioner guilty of second-degree murder, and he was sentenced to imprisonment for 24 years to life. *Id.* at 13.

Petitioner filed a direct appeal with the Appellate Division, Fourth Department. He argued that (1) the trial judge should have instructed the jury on a "mistake of fact" defense; and (2) the sentence was unduly harsh. The Appellate Division affirmed the conviction, *People v. Ortiz*, 153 A.D.3d 1618 (N.Y. App. Div. 2017), and on December 28, 2017, the New York Court of Appeals denied Petitioner's application for leave to appeal. ECF No. 15-2 at 119.

In March 2019, Petitioner filed a motion for writ of error coram nobis, asserting that his appellate counsel provided ineffective assistance by failing to raise several allegedly meritorious arguments. ECF No. 15-2 at 120-32. In April 2019, the Appellate Division denied the motion, *People v. Ortiz*, 171 A.D.3d 1572 (N.Y. App. Div. 2019), and in August 2019, the New York Court of Appeals denied leave to appeal. ECF No. 15-2 at 222.

Separately, in June 2019, Petitioner filed a motion to vacate the judgment under New York Criminal Procedure Law § 440.10. *See id.* at 163-83. He asserts that his trial counsel provided ineffective assistance with respect to the use of his mental health records at trial. The parties

indicate that this motion remains pending before the Monroe County Court.  ECF No. 1 at 4; ECF No. 15-1 at 11.

## DISCUSSION

28 U.S.C. § 2254(b)(1)(A) "requires a habeas petitioner to first exhaust his state court remedies with respect to each of the grounds raised in the petition." *Mejia v. New York*, No. 17-CV-6362, 2017 WL 3085843, at *1 (W.D.N.Y. July 20, 2017).  As a result, a district court generally "may not adjudicate a 'mixed petition,' consisting of both exhausted and unexhausted claims." *Id*; *see also Goupil v. Graham*, No. 14-CV-709, 2018 WL 1367333, at *2 (W.D.N.Y. Mar. 17, 2018).  There are four ways in which to dispose of a mixed petition:

> (1) [the court may] deny the petition on the merits where the claims are clearly meritless; (2) [the court may] allow a petitioner to omit the unexhausted claim[s] and proceed with the exhausted claim[s]; (3) [the court may] dismiss the petition in its entirety without prejudice; or (4) under very limited circumstances, the court may stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims.

*Terraine v. Lee*, No. 15-CV-5354, 2016 WL 160722, at *2 (E.D.N.Y. Jan. 13, 2016) (internal quotation marks omitted).  Each option presents its own considerations.

The first option is appropriate only where the unexhausted claim facially lacks merit. *See Wesla-Rosa v. Kaplan*, 274 F. Supp. 3d 126, 129 (E.D.N.Y. 2017).

The second option allows a petitioner to withdraw his unexhausted claims and proceed on his exhausted claims.  This can be an expeditious way to resolve the exhaustion problem, but "[t]he effect of such withdrawal may be that petitioner will not be permitted to raise the withdrawn grounds in a second or successive habeas petition." *Graham*, 2018 WL 1367333, at *2; *see also* 28 U.S.C. § 2244(b)(2).

The third option is that the entire petition may be dismissed without prejudice, in which case the petitioner would be free to raise all of his claims in another petition once he has exhausted

his state remedies.  Importantly, the subsequent petition "would not be considered a second petition for purposes of 28 U.S.C. § 2244(b)." *Graham*, 2018 WL 1367333, at *2.  If that option is selected, however, the petitioner must keep in mind that there is a one-year statute of limitations for federal habeas petitions.  28 U.S.C. § 2244(d)(1).  That limitations period is tolled for any period "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment . . . is pending." *Id.* § 2244(d)(2).  Consequently, a petitioner whose petition is dismissed without prejudice so that he can exhaust his claims "may be foreclosed from coming back to federal court for habeas relief by the statute of limitations." *Graham*, 2018 WL 1367333, at *2.

Finally, as a fourth option, the Court may stay the petition while the petitioner litigates the unexhausted claims in state court.  "A court may only issue a stay when: (1) petitioner has not engaged in any intentionally dilatory litigation tactics; (2) there is good cause for the petitioner's failure to exhaust the unexhausted claims in state court before bringing a federal habeas petition; and (3) the unexhausted claims are not plainly meritless." *Terraine*, 2016 WL 160722, at *2 (internal quotation marks omitted).

The Court concludes that neither the first nor fourth options—dismissal on the merits and a stay, respectively—are appropriate under the circumstances.  As to the first option, it would be premature to pass on Petitioner's unexhausted ineffective-assistance claims.  Such claims are usually fact-sensitive, *Boria v. Keane*, 99 F.3d 492, 496 (2d Cir. 1996), and are best evaluated with a fully developed record and, in particular, an explanation from defense counsel concerning his actions.  *See Eze v. Senkowski*, 321 F.3d 110, 136 (2d Cir. 2003).  Because the record before the Court does not contain such evidence, the Court cannot conclude that Petitioner's claims are "unquestionably meritless," and so dismissal on the merits is improper.  *Accord Flore v. Officer*

*in Charge, Buffalo Fed. Detention Facility*, No. 11-CV-7977, 2014 WL 1568843, at *3 (S.D.N.Y. Apr. 17, 2014).

As to the fourth option, Petitioner has not demonstrated the good cause necessary to warrant a stay. Petitioner argues that he filed this petition—despite knowing that is a mixed petition with unexhausted claims—because he was not "sure how much time was left" on the one-year statute of limitations for § 2254 petitions. ECF No. 1 at 15. This Court has held, however, that even "reasonable confusion as to federal deadlines does not constitute 'good cause' for failing to exhaust state claims." *Davis v. Graham*, No. 16-CV-275, 2017 WL 4324686, at *1 (W.D.N.Y. Sept. 29, 2017). Petitioner also contends that he needed to file his petition now because he receives legal assistance from another inmate, who could be "moved [from the facility] at any time." ECF No. 1 at 15. This argument, insofar as it is premised on Petitioner's ignorance of the law and his corresponding need for legal assistance, also does not support a finding of good cause. *See Scott v. Rock*, No. 10-CV-5989, 2013 WL 12416154, at *2 (E.D.N.Y. May 20, 2013) ("This Court is unaware . . . of any cases holding that a *pro se* petitioner's ignorance of the law relating to a particular claim constitutes 'good cause' for the failure to exhaust that claim sooner."). Moreover, a stay "does not appear necessary in Petitioner's case because he has already commenced state [] proceedings and, thus, the AEDPA's one-year statute of limitations is currently tolled." *Davis v. Graham*, No. 16-CV-275, 2018 WL 3996424, at *4 (W.D.N.Y. Aug. 21, 2018).

This leaves the second and third options: Petitioner could either withdraw his unexhausted claims and proceed with his exhausted claims, or the Court could dismiss the entire petition without prejudice to refiling upon the completion of the state-court proceedings. The former option would require Petitioner to abandon some of his claims, while the latter option presents the risk that, if

Petitioner fails to timely refile his petition, all of his claims will be barred by the statute of limitations.[2]

Under these circumstances, the Court will allow Petitioner to decide how he wishes to proceed. *Accord Mejia*, 2017 WL 3085843, at *3. Therefore, by **September 14, 2020**, Petitioner shall inform the Court in writing whether he elects to have the Court dismiss his entire petition without prejudice, or whether he elects to withdraw his unexhausted claims and proceed with his exhausted claims. The Court cautions Petitioner that a one-year limitations period applies to § 2254 petitions, *see* 28 U.S.C. § 2244(d), and may bar any subsequent petition if Petitioner fails to file it in a timely manner after the resolution of his pending state-court proceedings. If Petitioner does not notify the Court by **September 14, 2020** as set forth above, the Court will dismiss the entire petition without prejudice.

## CONCLUSION

Petitioner's request for a stay is DENIED. By **September 14, 2020**, Petitioner shall inform the Court in writing whether he elects to have the Court dismiss his entire petition without prejudice, or whether he elects to withdraw his unexhausted claims and proceed with his exhausted claims. If Petitioner does not notify the Court by **September 14, 2020** as set forth above, the Court will dismiss the entire petition without prejudice.

IT IS SO ORDERED.

Dated: August 24, 2020
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[2] That risk is particularly salient here. It appears that nearly one year elapsed between the expiration of direct review (March 28, 2018) and the filing of Petitioner's coram nobis motion (March 11, 2019). *See* ECF No. 15-2 at 119, 133.