UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTONIO ORTIZ, JR.,

                                 Petitioner,

                                                                     Case # 19-CV-6663-FPG
v.                                                                    DECISION AND ORDER

MARK ROYCE,

                                 Respondent.
_____

       Pursuant to 28 U.S.C. § 2254, *pro se* Petitioner Antonio Ortiz, Jr. brings this habeas petition to challenge his state-court conviction for murder in the second degree. ECF No. 1. Acknowledging that he has filed a so-called "mixed" petition—consisting of both exhausted and unexhausted claims—Petitioner requested a stay of these proceedings so that he could fully litigate the pending unexhausted claims in state court. ECF No. 1 at 11-12, 14-15; ECF No. 16 at 1. On August 24, 2020, the Court denied Petitioner's stay request and gave him two options: he could "have the Court dismiss his entire petition without prejudice" or "withdraw his unexhausted claims and proceed with his exhausted claims." ECF No. 19 at 6.

       Petitioner duly filed his responsive submission. ECF No. 20. He elects to have his petition dismissed without prejudice, *id.* at 2, but he also asks the Court to reconsider its prior decision. Before dismissing the petition, the Court will briefly address Petitioner's arguments.

       First, Petitioner argues that his ignorance of the law and limited English proficiency constitute good cause for his failure to exhaust his state remedies. *See id.* at 1; *see also Terraine v. Lee*, No. 15-CV-5354, 2016 WL 160722, at *2 (E.D.N.Y. Jan. 13, 2016) ("A court may only issue a stay" when, among other things, "there is good cause for the petitioner's failure to exhaust the unexhausted claims in state court before bringing a federal habeas petition."). In its prior

decision, the Court concluded that "Petitioner's ignorance of the law and his corresponding need for legal assistance . . . does not support a finding of good cause." ECF No. 19 at 5. The Court reaffirms that conclusion now. Indeed, contrary to Petitioner's argument, this is not a novel issue: courts routinely hold that a petitioner's "pro se status and inexperience with the law are insufficient to establish good cause." *Simpson v. Yelich*, No. 18-CV-417, 2018 WL 4153928, at *4 (N.D.N.Y. Aug. 30, 2018) (collecting cases); *see also Viesca v. Grounds*, No. 13-CV-651, 2013 WL 6504733, at *5 (C.D. Cal. Dec. 11, 2013) (collecting cases and rejecting argument that petitioner's language deficiencies, limited education, and need for "jailhouse" legal assistance established good cause).

Second, Petitioner notes that a state court has recently ordered a hearing on his unexhausted state claim. ECF No. 20 at 2. He writes, "Your Honor should consider, if Petitioner's [state collateral attack] is granted, then this habeas corpus becomes moot. But if it is denied, it will save Petitioner money[] he does not have for copies and mail and time, in that Petitioner does not risk the chance that the limitations period expires." *Id.*

The Court recognizes there may be efficiencies to staying the petition, and that, upon the completion of state proceedings, Petitioner only has a short time to refile his petition before the one-year statute of limitations expires. *See* ECF No. 19 at 6 n.2 (noting that "nearly one year elapsed between the expiration of direct review (March 28, 2018) and the filing of Petitioner's coram nobis motion (March 11, 2019)"). Nevertheless, the Court remains unpersuaded that Petitioner has established the good cause necessary to stay the petition. The limitations period has nearly expired only because Petitioner waited almost one year before filing his coram nobis motion. Furthermore, because Petitioner has prosecuted his petition in a reasonable, competent, and intelligent manner, the Court is not overly concerned that Petitioner will miss the deadline. Even if Petitioner has relied on assistance to do so, his submissions reveal an understanding of the

relevant issues and of the need to refile the petition in a timely manner once state proceedings terminate.

## CONCLUSION

Accordingly, the Court declines to reconsider its prior decision. Pursuant to Petitioner's election, the petition is DISMISSED WITHOUT PREJUDICE. The Clerk of Court shall close the case.

IT IS SO ORDERED.

Dated: September 22, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court